IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES EDWARD STEWART, } | | |
| SPN.00152845, } | | |
| Plaintiff, } | | |
| v. } | CIVIL ACTION NO. H-08-449 | |
| } | | |
| R.S. RAMIREZ, *et al*., } | | |
| Defendants. } | | |

OPINION ON DISMISSAL

While confined in the Harris County, Texas Jail, plaintiff Charles Edward Stewart filed a *pro se* complaint and a more definite statement alleging violations of his civil rights under 42 U.S.C. § 1983. (Docket Entries No.1, No.7). Defendant has filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Docket Entry No.13), to which plaintiff has filed a response. (Docket Entries No.20, No.21). For the reasons to follow, the Court will grant defendant's motion to dismiss.

BACKGROUND

Plaintiff claims the following events gave rise to the pending complaint: On Friday, December 7, 2007, plaintiff had a medical procedure whereby medical personnel injected medication in his spine to treat a chronic and painful condition. For unexplained reasons related to his ex-wife's mental condition,[1] plaintiff called the police on Sunday, December 9, 2007, to explain "what was going on." Someone at the police department explained their policy on mentally disabled people and plaintiff got off the phone. (Docket Entry No.7). Later that evening, Officer Ramirez and other City of Houston police officers came to his house. (*Id*.).

---

[1] Plaintiff states that he told Ramirez that his wife was mentally disabled and did not always have good judgment. (Docket Entry No.1). He further states that he told Ramirez that his wife won't take her medication and that she has a history of hurting herself. (*Id*.).

1

Plaintiff was lying in bed. (*Id.*). Officer Ramirez told plaintiff that his ex-wife had called them. (*Id.*). Officer Ramirez also told him that he did not come to arrest plaintiff but to talk to him. (*Id.*).

Ramirez talked for about twenty minutes and then told plaintiff that his ex-wife had a boyfriend who was a police officer. (*Id.*). Ramirez told plaintiff that plaintiff could not tell his ex-wife who to date. (*Id.*). Plaintiff asked Ramirez "what business of that was his." (*Id.*). Plaintiff told Ramirez that his ex-wife sometimes had wild parties. (*Id.*). He also told Ramirez that his ex-wife had not slept since they came home from the hospital on Friday morning and that he had nothing to do with whatever she told Ramirez. (*Id.*). Ramirez ordered him to stop talking and plaintiff complied. (*Id.*). Ramirez continued to explain what plaintiff could do. (*Id.*). Plaintiff asked if he could get out of bed and leave because Ramirez's demeanor had changed. (*Id.*). Thereafter, Ramirez leaned over plaintiff and jerked him out of bed; he twisted plaintiff's arm behind him, grabbed his other arm, forced plaintiff to bend down,[2] and then handcuffed him. (*Id.*). Other officers pulled plaintiff another way, twisting him around. (*Id.*). Ramirez said that plaintiff should not have said another word and that he was taking plaintiff to jail. (*Id.*). Plaintiff's ex-wife pleaded for the officers to wait because plaintiff had an injection in his spine on Friday and had been bedridden since then. (*Id.*). Plaintiff asked that he be cuffed in front and complained that his shoulders hurt. (*Id.*). Ramirez said that plaintiff's big mouth was going to cause plaintiff to go to jail. (*Id.*). Ramirez jerked plaintiff down against the bedroom wall, tearing his pockets. (*Id.*). All of the officers drug plaintiff down the hall, causing him to hit the wall as they passed through the door jamb. (*Id.*). Outside, the officers jerked him

---

[2] In his Rule 7 response, plaintiff states that Ramirez forced plaintiff to bend over by placing his knee between plaintiff's shoulders and bending plaintiff's arms. (Docket Entry No.20). Thereafter, other officers pulled and twisted his body while Ramirez pulled and twisted his arms to handcuff plaintiff. (*Id.*). He claims another officer started to bend his neck and press his head sideways into his bed when Ramirez told him to wait because he was not through cuffing plaintiff. (*Id.*).

against the back fence and laughed, saying, "[O]h you are hurt, we forgot. Are you sore now?" (*Id.*). The officers put him in a car and took his car keys and gave them to his ex-wife.[3] (*Id.*).

Plaintiff was charged with assault and family violence. (*Id.*). Months later, represented by appointed counsel, he entered a guilty plea and was sentenced to time served. Harris County Crime Victim Information—Offense Inquiry Results.[4] Plaintiff was released from the Harris County Jail on August 12, 2008. *Id.*

Plaintiff contends that since his arrest, his headaches have reoccurred, his spine hurts more, and he feels pain when he raises his arms. (*Id.*). He claims that he has received no treatment or medication for his injuries while in jail and the medication that he has been given does not work. (*Id.*). He indicates that at booking, a nurse advised him to keep his mouth closed and maybe he would be given the medication that he came in with. (*Id.*). In another civil rights suit filed in this Court, plaintiff reports that he has been examined by Harris County Jail medical personnel and is receiving a sedative, blood pressure medication and the pain reliever Vicodin. *Stewart v. Harris County Jail*, Civil Action No.4:08-0490 (S.D. Tex. Apr. 4, 2008).

Plaintiff seeks compensation for his pain and suffering and for his time away from home. (Docket Entry No.1).

## DISCUSSION

Defendant R.S. Ramirez moves to dismiss plaintiff's complaint for failure to state a federal claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry No.13). Rule 12(b)(6) authorizes a dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in

---

[3] Plaintiff claims Ramirez illegally searched him and found his car keys. (Docket Entry No.20). Plaintiff demanded that he be allowed to carry his keys with him to jail but Ramirez gave his car to plaintiff's ex-wife. (*Id.*).

[4] http://aaps.jims.hctx.net/victiminfo/Submit.do;jessionid=50A4ABA2629BA25E7F7C7A5B40EB086E

conjunction with Rule 8(a) of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly,* 550 U.S., 544, 127 S.Ct. 1955, 1974 (2007).  A court must not dismiss a complaint for failure to state a claim unless the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 127 S.Ct. at 1974; *Erickson v. Pardus*, 551 U.S. 89*,* 127 S.Ct. 2197, 2200 (2007).  Although material allegations in the complaint must be accepted as true and construed in the light most favorable to the nonmoving party, a court is not required to accept conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the factual allegations.  *Twombly*, 127 S.Ct. at 1964-65 (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level).

### R.S. Ramirez

Defendant Ramirez moves to dismiss plaintiff's claims of false arrest and excessive force on grounds that he is entitled to qualified immunity in his individual capacity and that plaintiff has failed to state a claim against him in his official capacity. (Docket Entry No.13).

"Qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation.'"  *Saucier v. Katz*, 533 U.S. 194, 199-200 (2001) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).  When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense.  *McClendon v. City of Columbia*, 305 F.3d 314, 322 (5th Cir. 2002).

Prior to the United States Supreme Court's decision in *Pearson v. Callahan*, 77 U.S.L.W. 4068, 2009 WL 128768 ( U.S. Jan. 21, 2009), "[t]he threshold inquiry a court [was

required to take] in a qualified immunity analysis [was] whether plaintiff's allegations, if true, establish[ed] a constitutional violation." *Hope v. Pelzer*, 536 U.S. 730, 736 (2002). "If no constitutional right would have been violated were the allegations established, there [was] no necessity for further inquiries concerning qualified immunity." *Saucier*, 533 U.S. at 201. "If the allegations establish a constitutional violation, the court next consider[ed] whether the defendants' actions violated 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Hope*, 536 U.S. at 739 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The *Pearson* Court, however, held that consideration of the issues in this sequence is no longer mandatory. 2009 WL 128768 at *9. This Court, however, finds that the traditional sequence is most applicable in this case.

To state a Fourth Amendment violation for a false arrest, the plaintiff must allege facts to show that the officers lacked probable cause to arrest him. *Hinshaw v. Doffer*, 785 F.2d 1260, 1266 (5th Cir. 1986). To state a violation of the Fourth Amendment prohibition on excessive force, a plaintiff must allege (1) an injury (2) that resulted directly and only from the use of force that was excessive to the need, and (3) the force used was objectively unreasonable. *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001). Under either cause of action, plaintiff must allege facts to show that he suffered a physical injury attributable to the actions of Officer Ramirez if plaintiff seeks compensatory damages. *See* 42 U.S.C. §1997e(e); *Hutchins v. McDaniels*, 512 F.3d 193, 196 (5th Cir. 2007) (noting that section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, including Fourth Amendment claims for compensatory damages); *see also Brown v. Sudduth*, 255 Fed. Appx. 803, 808 (5th Cir. 2007) (not designated for publication) (false arrest). Although a showing of "significant injury" is no longer required in the context of an excessive force claim, a plaintiff asserting an

excessive force must show that he has suffered at least some form of injury. *Glenn*, 242 F.3d at 314. The injury must be more than a *de minimis* injury and must be evaluated in the context in which the force was deployed. *Id.* An injury is generally legally cognizable when it results from a degree of force that is constitutionally impermissible, *i.e.*, objectively unreasonable under the circumstances. *Ikerd v. Blair*, 101 F.3d 430, 434-35 (5th Cir. 1996).

In this case, plaintiff does not allege or demonstrate a specific physical injury attributable to the actions of Officer Ramirez or any other City of Houston police officer. In his More Definite Statement filed in Civil Action No.4:08-0490, plaintiff indicates that his chronic spinal problems, which include some sort of disc injury, cause him to have headaches and severe pain. *Id.*, Docket Entry No. 6. Plaintiff also indicates in the same pleading that he has suffered such pain since 1994 and that he started taking morphine in 2005 to manage the pain. *Id.*, Docket Entries No.6, No.12. Although plaintiff complains that since his arrest, his headaches have reoccurred, his spine hurts more, and he feels pain when he raises his arms, (Docket Entry No.7), he does not attribute such pain to a physical injury caused by Ramirez's actions. He has however, attributed such pain to the failure of the medications prescribed by medical personnel at the Harris County Jail. Civil Action No.4:08-0490, Docket Entries No.6, No.12. At most, plaintiff alleges that Ramirez's actions and the refusal of medical personnel to prescribe morphine have exacerbated the pain, which he has experienced for many years as the result of his medical condition. Because he has not alleged a physical injury attributable to defendant Ramirez, plaintiff fails to show that he is entitled to compensatory damages for any emotional or mental injury that he might have suffered as a result of the acts or omissions of Ramirez and the

other police officers. Accordingly, his claims for compensatory damages against Ramirez in his individual capacity are subject to dismissal.

Plaintiff also complains that Officer Ramirez confiscated plaintiff's car keys and gave them to his ex-wife. (Docket Entries No.1, No.7, No.20). An unauthorized, intentional deprivation of property by a government employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *accord Daniels v. Williams*, 474 U.S. 327 (1986) (negligence by state official is not a violation of rights under Fourteenth Amendment); *see Wagner v. Higgins*, 754 F.2d 186, 192 (6th Cir. 1985) (action under 42 U.S.C. § 1983 against police officers who allegedly stole personal property from an arrestee's automobile fails to state a constitutional claim under § 1983). In an action for deprivation of property under color of law without due process the plaintiff must prove the absence of adequate state remedies as an element of the constitutional tort. *Hudson*, 468 U.S. at 535. "In Texas, as in many states, the tort of conversion fulfills this requirement." *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994). Because plaintiff has an adequate remedy at law in state court, his § 1983 claim with respect to the loss of his property is without a legal basis and subject to dismissal.

Plaintiff also seeks compensatory relief from Ramirez in his official capacity as a City of Houston police officer. By suing Ramirez in his official capacity, plaintiff is also suing the City of Houston. *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (finding that "[s]uits against state officials in their official capacity . . . should be treated as suits against the State"). A city is liable under § 1983 when "(1) a policy (2) of the city's policymaker (3) . . . caused (4) the

7

plaintiff to be subjected to a deprivation of [a] constitutional right." *Grand Staff v. City of Borger*, 767 F.2d 161, 169 (5th Cir. 1985) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). Plaintiff does not allege that Ramirez acted in accordance with a City of Houston policy. Instead, plaintiff complains Ramirez refused to cuff him in accordance with a City of Houston Police Department policy. Without more, plaintiff fails to state a claim against Ramirez in his official capacity.

### Harris County Jail and Medical Department

Plaintiff's claims against the Harris County Jail and Harris County Jail's Medical Department are not actionable. In Texas, a department of a local governmental entity must "enjoy a separate legal existence" to be subject to suit. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 314 (5th Cir. 1991). Plaintiff bears the burden of showing that a city or county department has the capacity to be sued. *Id.* at 314. Plaintiff does not allege nor does he demonstrate that the Harris County Jail or its medical department is separate legal entity having jural authority. Accordingly, plaintiff fails to state a claim on which relief may be granted against the Harris County Jail and the Harris County Jail Medical Department.

### CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1. Defendant Ramirez's Motion to Dismiss (Docket Entry No.13) is GRANTED.

2. Plaintiff's complaint is DISMISSED with prejudice. FED. R. CIV. PROC. 12(b)(6); 28 U.S.C. § 1915(e)(2)(B).

3. All pending motions are DENIED.

The Clerk will provide a copy of this order by facsimile transmission, regular mail, or e-mail to the parties and to the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159; the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas  75702, Attention: Manager of the Three-strikes List.

SIGNED at Houston, Texas, this 27th day of March, 2009.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE